Honorable John H. Chun

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| STEVEN GNASSI, | No. 3:20-cv-06095-JHC |
| Plaintiff, | PRETRIAL ORDER |
| v. | |
| CARLOS DEL TORO, SECRETARY OF THE NAVY, | |
| Defendant. | |

Plaintiff Steven Gnassi and Defendant Carlos Del Toro, Secretary of the Navy, submit the following Proposed Pretrial Order pursuant to LCR 16(e).

## I.     JURISDICTION

The Court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a).

## II.     CLAIMS

Plaintiff will pursue the following claim at trial:

1.     Age Discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

Defendant will pursue the following defenses:

1.      All actions taken by Defendant with respect to Plaintiff were based on legitimate, nondiscriminatory reasons and were taken in a fair, reasonable, and lawful manner under the existing circumstances.

2.      Defendant's actions were a just and proper exercise of management discretion, undertaken for fair and honest reasons in good faith under the existing circumstances.

3.      Age was not a but-for cause or motivating factor in connection with any action or treatment taken by Defendant.

4.      Plaintiff has no damages and has failed to mitigate his damages, if any.

### III. ADMITTED FACTS

The parties set forth the following as admitted facts:

1.      Plaintiff applied for a sheet metal apprenticeship position in Shop 17 in 2019.

2.      Plaintiff applied for an electroplater apprenticeship position in Shop 31 in 2019.

3.      Plaintiff was over 40 years old when he applied for these positions.

4.      For the sheet metal position in Shop 17, Kent Burton, Mark Malley, and Darrell Schneider interviewed Plaintiff.

5.      For the electroplater position in Shop 31, Mark Candaso, Tyler Jenkins, and William Bury interviewed Plaintiff. Mr. Bury has since passed away.

6.      Plaintiff was not selected for either position.

### IV. ISSUES OF LAW

Plaintiff proposes that the following issues of law will be presented at trial:

1.      Whether to enjoin Defendant's illegal hiring practices.

2.      Whether it is proper to draw an adverse inverse from Defendant's spoliation of its hiring records.

Defendant contends that the following issues of law will be presented at trial:

1.       Whether Plaintiff can establish each element of a *prima facie* case of failure-to-hire because of discrimination, which are: (a) he is a member of a protected class (here, age); (b) he was qualified for the positions; (c) he was rejected for the position, despite his qualifications; and (d) the position remained open and other similarly qualified individuals who were not members of the protected class were hired.

2.       Whether Plaintiff can establish that the legitimate, non-discriminatory reasons provided by Defendant were a pretext for discrimination.

Defendant objects to Plaintiff's issue of law as follows:

1.       Whether to enjoin Defendant's allegedly illegal hiring practice is not properly before the Court. Plaintiff has not brought a pattern and practice claim, and he has stipulated that he is not bringing a disparate impact claim. Plaintiff may seek monetary relief for the issues remaining in this matter.

## V.  EXPERT WITNESSES

Plaintiff will call the following expert witness to testify:

1.       Paul Torelli, Ph.D.
2600 2nd Ave, Seattle, WA 98121
(206) 384-7072

He is expected to testify about Plaintiff's lost wages.

Defendant will call the following expert witness to testify:

1.       Erick C. West, M.A.
10220 N. Nevada St., Suite 110
Spokane, WA 99218
(509) 747-5850

Mr. West is expected to testify about Dr. Paul Torelli's expert report and testimony, and Plaintiff's alleged damages.

# VI. OTHER WITNESSES

## A.      Plaintiff's Lay Witnesses – Will Testify

Plaintiff will call the following lay witnesses to testify:

1.      Steven Gnassi
        C/o Plaintiff's Counsel

He is expected to testify about all aspects of the facts of his claims and damages, his

employment, and Navy policies and practices.

2.      Defendant is expected to testify through its FRCP 30(b)(6) designees on the topics

for which Defendant designated them:

- Jeff McGloin
- Carmon Hoff
- Michael Murray

C/o Defense Counsel

3.      Lisa Ames
        C/o Defense Counsel

She is expected to testify about the policies and practices of the Navy Shipyard's

apprenticeship program.

4.      Justin Richardson
        C/o Defense Counsel

He is expected to testify about the policies and practices of the Navy Shipyard's

apprenticeship program, and the selections of the positions to which Plaintiff applied.

5.      Tyler Jenkins
        C/o Defense Counsel

He is expected to testify about the policies and practices of the Navy Shipyard's

apprenticeship program, and the selections of the positions to which Plaintiff applied.

6.      Kent Burton
        C/o Defense Counsel

He is expected to testify about the policies and practices of the Navy Shipyard's

apprenticeship program, and the selections of the positions to which Plaintiff applied.

      7.      Mark Candoso
              C/o Defense Counsel

He is expected to testify about the policies and practices of the Navy Shipyard's

apprenticeship program, and the selections of the positions to which Plaintiff applied.

**Plaintiff's Lay Witnesses – May Testify**

      9.      Defendant may be called to testify through its FRCP 30(b)(6) designees listed

below on the topics for which Defendant designated them:

- James Jones
- Randy Parks
- Tim Niemi
- John Galbraith
- Andrew Erdman
- Thomas Slater
- Lisa Kruzan
- Seth Frazier
- Alex Hubbeling
- Al Schott
- Randy Parks
- Scot McKee
- Jana Rider

C/o Defense Counsel

     10.     Mark Malley
              C/o Defense Counsel

He may be called to testify about the policies and practices of the Navy Shipyard's

apprenticeship program, and the selections of the positions to which Plaintiff applied.

     11.     Darrell Schneider
              C/o Defense Counsel

He may be called to testify about the policies and practices of the Navy Shipyard's

apprenticeship program, and the selections of the positions to which Plaintiff applied.

12.    Joshua Ferguson
C/o Defense Counsel

He may be called to testify about the policies and practices of the Navy Shipyard's

apprenticeship program, and the selections of the positions to which Plaintiff applied.

13.    Cristy Caldwell
C/o Plaintiff's Counsel

She may be called to testify about the tabulation of average age and test score

information.

14.    Any additional lay witnesses needed to authenticate documents.

**B.  Defendant's Lay Witnesses – Will Testify:**

1.    Jeff McGloin

Mr. McGloin is expected to testify at least about the Puget Sound Naval Shipyard's

apprenticeship program generally.

2.    Lisa Ames

Ms. Ames is expected to testify at least about administrative issues in this matter,

including how candidates apply for apprenticeships.

3.    Justin Richardson

Mr. Richardson is expected to testify at least about the policies regarding the Shop 31

apprenticeship program, including the hiring and overtime assignment processes.

4.    Mark Candaso

5.    Tyler Jenkins

These witnesses are expected to testify at least about interviewing Plaintiff for the

electroplater position (Shop 31) and the legitimate, non-discriminatory reasons for not hiring

Plaintiff for that position, as well as general information about the position, process, etc. They

may also testify about their Shop more generally and the availability and assignment of overtime

within Shop 31, specifically for those working as electroplaters.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

     6.     Kent Burton

     7.     Mark Malley

     8.     Darrell Schneider

These witnesses are expected to testify at least about interviewing Plaintiff for the sheet metal mechanic position (Shop 17) and the legitimate, non-discriminatory reasons for not hiring Plaintiff for that position, as well as general information about the position, hiring process, etc. They may also testify about their Shop more generally and the availability and assignment of overtime within Shop 17, specifically for those working as sheet metal mechanics.

     9.     Carmen Hoff

Ms. Hoff is expected to testify at about regarding her administrative role and interactions with the Plaintiff while he was a member of Shop 75, including his former job responsibilities, performance, abilities, and overtime history.

**Defendant's Lay Witnesses – May Testify**

     10.     Joshua Ferguson

     11.     Erin Johnson

     12.     Cassandra Pruitt

These witnesses may testify regarding the Shop 17 and Shop 31 positions for which Plaintiff interviewed in general, including the salary of those positions and overtime work related to those positions, as well as other issues related to Plaintiff's claim for damages.

     13.     Michael Murray

Mr. Murray may testify regarding his supervisory role over the Plaintiff, including his former and current job responsibilities, performance, abilities, and overtime history.

     14.     Other witnesses listed in Plaintiff's pretrial statement whose testimony would be relevant to the claims or defenses in this case.

     15.     Any other witnesses needed to authenticate documents.

## VII.   PLAINTIFF'S TRIAL EXHIBITS

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 1. | Apprentice job posting 2018 & 2019 | Stipulated | Disputed | 401; 403. No objection to pages 14-21. | |
| 2. | Apprentice Job Descriptions | Stipulated | Disputed | 401; 403. No objection to description for electroplater position. | |
| 3. | PSNS & IMF Apprenticeship Participant's Agreement 2020 | Stipulated | Stipulated | | |
| 4. | Collective Bargaining Agreement | Stipulated | Stipulated | | |
| 5. | Merit systems principles | Disputed | Disputed | 401; 901 (no witness to authenticate) | |
| 6. | Merit systems principles webpage | Disputed | Disputed | 401; 901 (no witness to authenticate) | |
| 7. | PSNS Press Release | Disputed | Disputed | 401; 901 (no witness to authenticate) | |
| | Shop 31 Org chart | Stipulated | Stipulated | | |
| 8. | Gnassi Resume | Stipulated | Stipulated | | |
| 9. | "Employee Summary" for Steven Gnassi | Stipulated | Stipulated | | |
| 10. | Gnassi personnel file documents | Stipulated | Stipulated | | |
| 11. | Gnassi LinkedIn profile | Disputed | Disputed | 401; 802. | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 12. | Certificate of eligible candidates | Stipulated | Stipulated | | |
| 13. | Qualified candidate spreadsheet with test scores (Method 1) | Stipulated | Stipulated | | |
| 14. | Ames email April 16, 2019 | Stipulated | Stipulated | | |
| 15. | April 19, 2019 email from Kent Burton regarding Shop 17 candidates with attached spreadsheet | Stipulated | Disputed | 401; 403. | |
| 16. | April 19, 2019 email regarding Shop 75 interview selections and attached notes and candidate information | Stipulated | Stipulated | | |
| 17. | April 19, 2019 email regarding Shop 75 interview selections, and attached candidate spreadsheets | Stipulated | Stipulated | | |
| 18. | Email string dated April 22, 2019 | Stipulated | Stipulated | | |
| 19. | Richardson email May 29, 2019 | Stipulated | Stipulated | | |
| 20. | Candidate resume | Disputed | Disputed | 401; 403; 602; 802; 901. Name is redacted. No objection to resumes for | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|-------------|--------------|---------------|-----------|----------|
|  |  |  |  | individuals selected for either electroplater or sheet metal mechanic position. |  |
| 21. | Candidate resume | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. |  |
| 22. | Candidate resume | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. |  |
| 23. | Candidate resume | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. |  |
| 24. | Questionnaires and candidate resumes | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. |  |
| 25. | Shop 31 helper interview questions | Stipulated | Disputed | 401; 403. |  |
| 26. | Shop 31 machinist apprenticeship questionnaire | Stipulated | Disputed | 401; 403. |  |
| 27. | Candidate spreadsheet | Stipulated | Disputed | 401; 403. No objection to first page. Remainder appears duplicative. |  |
| 28. | Candidate interview schedule | Stipulated | Stipulated |  |  |
| 29. | Interview schedule and list of questions | Stipulated | Stipulated |  |  |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 30. | Interview questions | Stipulated | Disputed | 401; 403. | |
| 31. | Blank interview form | Stipulated | Disputed | 401; 403. | |
| 32. | Blank interview form | Stipulated | Disputed | 401; 403. | |
| 33. | Completed helper form | Stipulated | Disputed | 401; 403. | |
| 34. | Interview questions | Stipulated | Stipulated | | |
| 35. | July 23, 2019 Kent Burton email re: MIC process | Stipulated | Stipulated | | |
| 36. | List of hires by shop | Stipulated | Stipulated | | |
| 37. | Qualified and selected candidate spreadsheet | Stipulated | Stipulated | | |
| 38. | Candidate spreadsheet | Stipulated | Stipulated | | |
| 39. | J Crawford Resume | Disputed | Disputed | 401; 403; 602; 902; 901. Individual not selected for either electroplater or Shop 17 sheet metal mechanic position. | |
| 40. | I Mauvais Resume | Disputed | Disputed | 401; 403; 602; 902; 901. Individual not selected for either electroplater or Shop 17 sheet metal | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|-------------|--------------|---------------|-----------|----------|
| | | | | mechanic position. | |
| 41. | F Hops Resume | Stipulated | Stipulated | | |
| 42. | Candidate resume (name redacted) | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. | |
| 43. | Candidate resume (name redacted) | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. | |
| 44. | Gnassi Resume | Stipulated | Stipulated | | |
| 45. | Candidate resume | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. | |
| 46. | Candidate resume | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. | |
| 47. | Candidate resume | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. | |
| 48. | Candidate resume | Disputed | Disputed | (Same as 20) 401; 403; 602; 802; 901. | |
| 49. | Apprentice hire spreadsheet | Stipulated | Disputed | 401; 403. | |
| 50. | Candidate Spreadsheet | Stipulated | Disputed | 401; 403. | |
| 51. | May 31, 2019 email regarding Shop 31 MIC process | Stipulated | Disputed | 401; 403. | |
| 52. | Qualified candidate spreadsheet with test scores (Method 2) | Stipulated | Stipulated | | |
| 53. | June 7, 2019 email from Kent | Stipulated | Stipulated | | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| | Burton regarding MIC Shop 17 process | | | | |
| 54. | June 11, 2019 email from Kent Burton regarding Shop 17 openings | Stipulated | Stipulated | | |
| 55. | Peter Breach email June 6, 2019 | Stipulated | Stipulated | | |
| 56. | Lisa Ames email June 11, 2019 | Stipulated | Stipulated | | |
| 57. | Peter Breach email June 20, 2019 | Stipulated | Stipulated | | |
| 58. | Peter Breach email June 23, 2019 | Stipulated | Stipulated | | |
| 59. | Lisa Ames email, July 23, 2019 | Stipulated | Stipulated | | |
| 60. | Email string July 29, 2019 | Stipulated | Stipulated | | |
| 61. | Peter Breach email August 6, 2019 | Stipulated | Stipulated | | |
| 62. | Candidate spreadsheet with Gnassi's name | Stipulated | Stipulated | | |
| 63. | Notice to Gnassi of no hire | Stipulated | Stipulated | | |
| 64. | Gnassi "Formal Complaint of Discrimination" | Stipulated | Stipulated | | |
| 65. | Test score average spreadsheet | Stipulated | Stipulated | | |
| 66. | Test score average | Stipulated | Stipulated | | |

PRETRIAL ORDER - 13

No. 3:20-cv-06095-JHC

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|-------------|--------------|---------------|-----------|----------|
| | spreadsheet | | | | |
| 67. | Test score average spreadsheet | Stipulated | Stipulated | | |
| 68. | Defendant's Responses to Plaintiff's First Interrogatories and Requests for Production | Stipulated | Stipulated | | |
| 69. | Defendant's Responses to Plaintiff's Second Interrogatories and Requests for Production | Stipulated | Stipulated | | |
| 70. | Defendant's Amended and Supplemental Responses to Plaintiff's Third Interrogatories and Requests for Production | Stipulated | Stipulated | | |
| 71. | Letter regarding FRCP 30(b)(6) depositions | Stipulated | Disputed | 401; 602; 701; 802. Defendant agrees to offer stipulation or notice to the Court regarding Rule 30(b)(6) witnesses rather than substantive evidence. | |
| 72. | Notice of FRCP 30(b)(6) deposition with topics | Stipulated | Disputed | 401; 602; 701; 802. Defendant agrees to offer | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| | | | | stipulation or notice to the Court regarding Rule 30(b)(6) witnesses rather than substantive evidence. | |
| 73. | "Summary of Selected Recordkeeping Obligations in 29 C.F.R. Part 1602," from EEOC.gov/employers/summary-selected-recordkeeping-obligations-29-cfr-part-1602 | Disputed | Disputed | 401; 602; 701; 802; 901. Interpreting statutes and regulations belongs to the province of the Court. | |
| 74. | 29 C.F.R. § 1602.14 (Preservation of Records) | Disputed | Disputed | 401; 602; 701; 802; 901. Interpreting statutes and regulations belongs to the province of the Court. | |
| 75. | ACCUPLACER Concordance Tables | Disputed | Disputed | 401; 602; 802; 901. | |
| 76. | January 2020 Email exchange with Sharriff Thomas and Heather Cottier | Stipulated | Disputed | 401; 602. | |
| 77. | Online application form -completed | Stipulated | Stipulated | | |

## VIII.   DEFENDANT'S TRIAL EXHIBITS

Defendant may offer the following exhibits at trial, in addition to any exhibits identified by Plaintiff:

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|-------------|--------------|---------------|-----------|----------|
| 500 | Ames Apprentice 2019 Selections | Stipulated | Stipulated | | |
| 501 | Ames Apprentice MIC Applicants (2019) | Stipulated | Stipulated | | |
| 502 | Ames Apprentice CERT Qualified Applicants (2019) | Stipulated | Stipulated | | |
| 503 | A Braun resume (Shop 17) | Stipulated | Stipulated | | |
| 504 | T DeJesus resume (Shop 17) | Stipulated | Stipulated | | |
| 505 | J Fair resume (Shop 17) | Stipulated | Stipulated | | |
| 506 | N Roberts (Shop 17) | Stipulated | Stipulated | | |
| 507 | S Gorton (Shop 17) | Stipulated | Stipulated | | |
| 508 | J Paylor (Shop 31) | Stipulated | Stipulated | | |
| 509 | S Barr resume (Shop 31) | Stipulated | Stipulated | | |
| 510 | D Hendricks resume (Shop 31) | Stipulated | Stipulated | | |
| 511 | Gnassi Master Pay History and Payroll files | Stipulated | Disputed | Privacy under Fed. R. Civ. P. 5.2. If SSN, DOB redacted | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|-------------|--------------|---------------|-----------|----------|
| 512 | Gnassi SF-50 forms | Stipulated | Disputed | Privacy under Fed. R. Civ. P. 5.2. If SSN, DOB redacted | |
| 513 | WT and WG Pay Tables | Stipulated | Stipulated | | |
| 514 | Gnassi DOL records | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE 702) | |
| 515 | Gnassi résumé | Stipulated | Stipulated | | |
| 516 | Gnassi résumé, second version | Stipulated | Stipulated | | |
| 517 | Statement of Certification | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE 702) | |
| 518 | WG 3501/05 Job Description | Stipulated | Stipulated | | |
| 519 | March 2018 Surgical Report | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|-------------|--------------|---------------|-----------|----------|
| | | | | 702) | |
| 520 | Gnassi Orthopedic Records | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE 702) | |
| 521 | May 2018 Letter | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE 702) | |
| 522 | Work capacity evaluation | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE 702) | |
| 523 | Work capacity evaluation | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE 702) | |
| 524 | Wage Comparison | | | Irrelevant (FRE 402); waste of time, | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|-------------|--------------|---------------|-----------|----------|
|  |  |  |  | confusing (FRE 403) |  |
| 525 | Injury Report | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE 702) |  |
| 526 | Nursing Evaluation Report | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE 702) |  |
| 527 | Progress Report | Stipulated | Disputed | Irrelevant (FRE 402); waste of time, confusing, prejudicial (FRE 403); hearsay (FRE 802); requires specialized knowledge (FRE 702) |  |
| 528 | 2019 Shop 31 Job Fair posting | Stipulated | Stipulated |  |  |
| 529 | Questions for New Hire Interviews | Stipulated | Stipulated |  |  |
| 530 | Gnassi application | Stipulated | Stipulated |  |  |
| 531 | Gnassi email | Stipulated | Stipulated |  |  |
| 532 | Burton email | Stipulated | Stipulated |  |  |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|-------------|--------------|---------------|-----------|----------|
| 533 | BMTC Collective Bargaining Agreement | Stipulated | Stipulated | | |
| 534 | OPM Appropriated Fund Operating Manual | Stipulated | Stipulated | Yes, if proper foundation has been laid. | |
| 535 | Shop 17 Interview Guides | Stipulated | Stipulated | If the government lays a foundation that these were the questions used in the 2019 interviews | |
| 545 | Shop 17 Overtime Data | Stipulated | Disputed | Irrelevant (FRE 402) | |
| 546 | Shop 31 Interview Guides | Stipulated | Stipulated | If the government lays a foundation that these were the questions used in the 2019 interviews | |
| 547 | Shop 31 Overtime Data | Stipulated | Disputed | Irrelevant (FRE 402) | |
| 548 | Apprenticeship Wage Rates (West Summary) | Stipulated | Disputed | X Hearsay FRE 802, requires expert explanation FRE 702, to the extent intended as summary, not a mere summary of information in records, and timing of prod. is inadequate under FRE 1006. | |
| 549 | Journeyman Wage Rates (West Summary) | Stipulated | Disputed | X Hearsay FRE 802, requires expert explanation FRE 702, to the extent intended as | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| | | | | summary, not a mere summary of information in records, and timing of prod. is inadequate under FRE 1006. | |
| 550 | Gnassi Actual Basic Pay (West Summary) | Stipulated | Disputed | X Hearsay FRE 802, requires expert explanation FRE 702, to the extent intended as summary, not a mere summary of information in records, and timing of prod. is inadequate under FRE 1006. | |
| 551 | Gnassi Step Increases (West Summary) | Stipulated | Disputed | X Hearsay FRE 802, requires expert explanation FRE 702, to the extent intended as summary, not a mere summary of information in records, and timing of prod. is inadequate under FRE 1006. | |
| 552 | Employer Paid Retirement Benefit (West Summary) | Stipulated | Disputed | X Hearsay FRE 802, requires expert explanation FRE 702, to the extent intended as summary, not a mere summary of information in records, and timing of prod. is | |

| EX. NO. | Description | Authenticity | Admissibility | Objection | Admitted |
|---------|-------------|--------------|---------------|-----------|----------|
| | | | | inadequate under FRE 1006. | |
| 553 | Apprentice Overtime & Shift Hours (West Summary) | Stipulated | Disputed | X Hearsay FRE 802, requires expert explanation FRE 702, to the extent intended as summary, not a mere summary of information in records, and timing of prod. is inadequate under FRE 1006. | |
| 554 | Journeyman Overtime & Shift Hours (West Summary) | Stipulated | Disputed | X Hearsay FRE 802, requires expert explanation FRE 702, to the extent intended as summary, not a mere summary of information in records, and timing of prod. is inadequate under FRE 1006. | |
| 555 | Job fair postings | Stipulated | Stipulated | | |
| 556 | Ferguson email | Stipulated | Stipulated | | |
| 557 | Richardson email | Stipulated | Stipulated | | |
| 558 | Richardson email | Stipulated | Stipulated | | |
| 559 | Shop 31 employee age data | Stipulated | Stipulated | | |

1    The parties reserve any right to introduce any documents exchanged during discovery,

2    any demonstrative and illustrative exhibit, any exhibit for impeachment purposes, or any rebuttal

3    exhibit based on how the progress of the trial, subject to the Court's allowance.

4    The parties reserve any right to make changes to this pretrial statement before the final

5    agreed pretrial order is entered.

6    ### IX. TRIAL LOGISTICS

7    **A.  Witness Order and Protocol**

8    <u>Defendant's Statement</u>

9    The parties met and conferred regarding witness order but have not been able to reach an

10   agreement.  Other than Mr. Gnassi and his expert, Plaintiff's will-testify witnesses are Puget

11   Sound Navy Shipyard employees, most (if not all) of whom Defendant also intends to call in its

12   case-in-chief.  Plaintiff wants to call these witnesses, subject them first to cross-examination as

13   part of his case-in-chief, and let Defendant recall them during its case.  This is inefficient for the

14   Court and the witnesses.

15   Because this is a bench trial, and the Court is very familiar with trial procedures and

16   evidentiary burdens, Defendant proposes that the witnesses be called in a conventional manner,

17   as follows: it will call any Navy employee that Plaintiff wishes to have in its case-in-chief,

18   Defendant will direct that witness, and Plaintiff will have an opportunity to cross-examine that

19   witness (and not be limited by Defendant's direct), with any necessary reexaminations to follow.

20   Defendant would stipulate that any such cross-examinations would be considered as part of

21   Plaintiff's case-in-chief.

22   This would allow for a more orderly and clear presentation of the evidence for the Court.

23   Further, it would not subject numerous fact witnesses, who live and work in Bremerton, to

24   making multiple trips to the courthouse or waste valuable Court time.

25   <u>Plaintiff's Response</u>

26   Defense counsel added this section to the Proposed Pretrial Order on the afternoon that it

27   is due. This section is not provided for by Local Court Rule 16.1, so Plaintiff objects to

1    Defendant's use of this joint filing to present argument to the court about reversing the structure

2    of the trial so that the defense gets to present its case first. Unsurprisingly, the defense has not

3    cited any authority for its novel approach.

4    **B.  Trial Length**

5    Defendant's Statement

6    Defendant believes the trial should take no more than five court days, with closing

7    arguments to be heard Monday morning, October 31, or as is convenient for the Court.

8    Plaintiff's Response

9    Defense counsel added this section to the Proposed Pretrial Order on the afternoon that it

10   is due. This section is not provided for by Local Court Rule 16.1, so Plaintiff objects to use of

11   this joint filing for this purpose. Plaintiff believes that the trial will be shorter than originally

12   estimated because of the court's granting of partial summary judgment, but has not yet mapped

13   out the likely length. Plaintiff will be prepared for such a discussion on this topic at the pretrial

14   conference.

15   **C.  Witness Availability**

16   Defendant's Statement

17   As the parties have discussed, some of the Defendant's witnesses have limited

18   availability.  As such, Defendant requests that it can call certain witnesses out of order, if

19   necessary, including:

20   - that it can call Mark Candaso at the beginning of the day for whatever day he is to

21   testify because he works a graveyard shift and will be coming from his shift to the

22   Court;

23   - that it can call Mr. McGloin on either October 24 or October 25, 2022, because he

24   has prearranged leave that starts on October 26, 2022; and

25   - that it can call Ms. Hoff on either October 24-26, 2022, because she has pre-

26   scheduled professional commitments starting at 10:00 a.m. on October 27 and

27   October 28, 2022.

1    <u>Plaintiff's Response</u>

2        Coordinating witness schedules is ordinarily worked out between counsel. Defense

3    counsel added this section to the Proposed Pretrial Order on the afternoon that it is due and this

4    section is not provided for by Local Court Rule 16.1, so Plaintiff objects to use of this joint filing

5    for this purpose. At Defense counsel's request, Plaintiff's counsel had agreed to try to

6    accommodate their witnesses' scheduling needs as reasonably possible, including Mr. Candaso's

7    shift, but rather than make specific requests to Plaintiff's counsel to be worked out cooperatively,

8    the defense raised its scheduling requests here for the first time.  Plaintiff will of course attempt

9    to accommodate government witnesses' schedules, where practical. Plaintiff's counsel will

10   communicate directly with defense counsel about these issues after having developed their

11   witness schedule, taking into account these witnesses' stated availability.

12       **D.  In-person trial**

13       The parties agree that there are no safety or health concerns, from their perspective, with

14   having the trial be in person. The parties will abide by whatever protocols the Court requires

15   related to COVID-19, including wearing masks while not addressing the Court.

16                                  **ACTION BY THE COURT**

17       (a) This case is scheduled for trial without a jury on October 24, 2022, at 1:30 pm.

18       (b) Trial briefs shall be submitted to the court on or before October 17, 2022.

19       (c) This order has been approved by the parties as evidenced by the signatures of their

20   counsel. This order shall control the subsequent course of the action unless modified by a

21   subsequent order. This order shall not be amended except by order of the Court pursuant to

22   agreement of the parties or to prevent manifest injustice.

23

24       DATED this   6th   day of October, 2022.

25   _____

26   United States District Judge John H. Chun

27

FORM APPROVED:

Dated this 3rd day of October, 2022.

MacDONALD HOAGUE & BAYLESS

By:   _s/ Jesse Wing_____
      Jesse Wing, WSBA #27751
      JesseW@MHB.com
      Attorney for Plaintiff

—and—

NICHOLAS W. BROWN
UNITED STATES ATTORNEY

By:   _s/ Annalisa L. Cravens_____
Annalisa L. Cravens, TX Bar No. 24092298
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Tel: 206-553-7970
Direct: 206-553-2257
Email: annalisa.cravens@usdoj.gov

By:   _s/ Nickolas Bohl_____
Nickolas Bohl, WSBA #48978
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Tel: 206-553-7970
Direct: 206-553-4639
Email: nickolas.bohl@usdoj.gov

Attorneys for Defendant