UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN GNASSI,

        Plaintiff,

  v.

CARLOS DEL TORO, Secretary of the Navy,

        Defendant.

CASE NO. 3:20-cv-06095-JHC

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS

This matter comes before the Court on Plaintiff Steven Gnassi's Motion for Fees and Costs. Dkt. # 106. The Court has considered the materials filed by the parties in connection with the motion, the balance of the case file, and the applicable law. Being fully advised, for the reasons below, the Court GRANTS in part and DENIES in part the motion. Dkt. # 106.

## I
### BACKGROUND[1]

This matter arises out of the United States Navy's non-selection of Plaintiff for its 2019 Apprentice Program at the Puget Sound Naval Shipyard and Intermediate Maintenance Facility in Bremerton, Washington. In November 2020, Plaintiff sued Defendant, the Secretary of the

---

[1] The Court detailed the background of this case in its findings of fact and conclusions of law and does not repeat that background here. *See* Dkt. # 104 at 2–12.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR FEES AND COSTS - 1

Navy, claiming a violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. Dkt. # 1.

In August 2022, the Court granted Defendant partial summary judgment. Dkt. # 53. It dismissed Plaintiff's ADEA claim premised on any of the 10 apprenticeship positions for which Defendant denied Plaintiff's 2019 applications without interviewing him. *Id.*; *see* Dkt. # 45, ¶ 8.

Last fall, the matter proceeded to a bench trial on the two positions for which Defendant did interview Plaintiff: a sheet metal mechanic apprenticeship in Shop 17 and an electroplater apprenticeship in Shop 31. Dkt. ## 74–77, 84, 86, 89, 104. The Court issued findings of fact and conclusions of law, ruling that Defendant engaged in age discrimination as to Shop 17 but not as to Shop 31. Dkt. # 104 at 13–25. The Court awarded Plaintiff $3,868 in back pay damages, but it did not award any front pay. *Id.* at 30. The Court denied Plaintiff's request for a permanent injunction. *Id.* at 31–39.

As for attorney fees, the Court considered whether prevailing federal government employees may recover attorney fees against the federal government under the ADEA, an issue the Ninth Circuit has not yet decided. *Id.* at 39–42. After concluding that Plaintiff was not entitled to attorney fees under the ADEA, the Court directed the parties to brief whether Plaintiff could recover attorney fees and costs against the federal government under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Id.*

Plaintiff now seeks $371,690 in attorney fees and $20,702.75 in costs.[2] Dkt. ## 106, 112.

---

[2] While Plaintiff first sought $21,084.75 in litigation costs, *see* Dkt. # 106 at 12, Plaintiff "withdr[ew] his request of $382 regarding Dr. Torelli" because its "inclusion was an oversight," Dkt. # 112 at 4 n.3. *See* Dkt. # 107-2 at 5 ($382 charge for "Zoom Deposition of Paul Torelli").

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 2

## II

### DISCUSSION

A.   Recoverability of Fees

Plaintiff may recover attorney fees under the EAJA.

Section 2412(b) of the EAJA provides that, "[u]nless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought . . . against the United States . . . to the same extent that any other party would be liable under . . . the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b). *See Poland v. Chertoff*, 494 F.3d 1174, 1186 (9th Cir. 2007) ("28 U.S.C. § 2412(b), enacted as part of . . . [the] EAJA, entitles the 'prevailing party' in any civil action against the United States, its agencies, or its officials to attorneys' fees and expenses.").

First, the ADEA does not expressly prohibit an award of attorney fees. *See* 29 U.S.C. § 633a; *see also Nowd v. Rubin*, 76 F.3d 25, 28 (1st Cir. 1996) ("Further, in keeping with the proviso to EAJA § 2412(b), ADEA § 633a(c) cannot be said—by its silence—to 'expressly prohibit[]' attorney fee awards against the United States.") (internal citation omitted).

Second, Plaintiff is a prevailing party. Defendant does not say otherwise. *See* Dkt. # 110. "[A] party is a 'prevailing party' if (1) it secures a material alteration in the legal relationship of the parties and (2) that alteration is judicially sanctioned." *Poland*, 494 F.3d at 1186 (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). To materially alter the legal relationship of the parties, a plaintiff must "receive at least some relief on the merits of [their] claim." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (quoting *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). Plaintiff is the prevailing party because the favorable

judgment on his ADEA claim, and an accompanying damages award, constitutes a judicially sanctioned material alteration in his legal relationship with Defendant. *See* Dkt. ## 104–105.

Lastly, section 2412(b) of the EAJA provides for attorney fee awards against the United States "to the same extent that *any other party* would be liable under . . . the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b) (emphasis added). Section 2412(b) thus authorizes attorney fee awards against the United States if a private litigant would be liable under the statute establishing the plaintiff's cause of action. *Id.*

Here, the ADEA allows prevailing plaintiffs to recover attorney fees in actions against private sector employers. The ADEA expressly incorporated certain provisions of the Fair Labor Standards Act (FLSA). *See* 29 U.S.C. § 626(b) ("The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in section[] . . . 216 . . . of this title . . . ."). Under section 216(b) of the FLSA, "[t]he court . . . shall . . . allow a reasonable attorney's fee to be paid by the defendant." 29 U.S.C. § 216(b); *see Lewis v. Fed. Prison Indus., Inc.*, 953 F.2d 1277, 1282 n.1 (11th Cir. 1992) (explaining that the ADEA, in incorporating section 216(b) of the FLSA, allows an award of attorney fees in private civil actions against private employers). Because prevailing ADEA plaintiffs are entitled to attorney fee awards against private employers, the EAJA authorizes prevailing ADEA plaintiffs to recover attorney fee awards against the United States.

A number of courts have similarly determined that prevailing ADEA plaintiffs may recover attorney fees and costs against the federal government under the EAJA. *See, e.g.*, *O'Kell v. Haaland*, No. 2:18-CV-00279-SAB, 2022 WL 19571657, at *1–2 (E.D. Wash. July 8, 2022) (prevailing ADEA plaintiff could recover attorney fees and costs against the United States under section 2412(b) of the EAJA); *Harley v. Potter*, No. CIV-08-148-M, 2008 WL 2894385, at *2 (W.D. Okla. July 22, 2008) (same); *Nowd*, 76 F.3d at 28 ("We therefore conclude that the EAJA

empowers the district courts, in their reasonable discretion, to award prevailing ADEA claimants attorney fees and expenses against the United States."); *Boehms v. Crowell*, 139 F.3d 452, 463 (5th Cir. 1998) ("[T]he EAJA enables trial courts to award attorney's fees against the federal government in ADEA cases.").

Defendant appears to say that Plaintiff may not recover attorney fees and costs under the EAJA because "[t]he Ninth Circuit has not found a clear waiver of sovereign immunity."[3] Dkt. # 110 at 2. But the Ninth Circuit has held that "[t]he EAJA is a waiver of sovereign immunity." *Aageson Grain & Cattle v. U.S. Dep't of Agric.*, 500 F.3d 1038, 1045 (9th Cir. 2007). *See O'Kell*, 2022 WL 19571657, at *2 (ruling that "the EAJA constitutes a sufficiently clear and express waiver of sovereign immunity" because section 2412(b) states that "the United States shall be liable" for fees and costs); *see also Newmark v. Principi*, 283 F.3d 172, 178 (3d Cir. 2002) ("[T]he EAJA enacted a separate, relatively narrow provision[], Section 2412(b), waiving the government's immunity from the fees to which other litigants have long been subject.").

"Section 2412(b) gives the court discretion to award fees when . . . the terms of a statute specifically provide for such an award against any other party." *Ramon by Ramon v. Soto*, 916 F.2d 1377, 1382 (9th Cir. 1989); *see* 28 U.S.C. § 2412(b) ("a court may award . . . expenses of attorneys"). In its exercise of discretion, the Court awards Plaintiff reasonable attorney fees under section 2412(b) of the EAJA.

---

[3] If Defendant rather contends that Congress has not explicitly waived sovereign immunity under the ADEA, and thus fees and costs for prevailing plaintiffs against the federal government are not permitted under that statute, the Court agrees. *See* Dkt. # 104 at 107 ("Persuaded by the reasoning outlined by the Courts of Appeals . . . , the Court concludes that Plaintiff is not entitled to an award of attorney fees.") (citing *Hamilton v. McDonald*, 247 F. Supp. 3d 812, 823 (E.D. Ky. 2017) ("[T]he circuit courts of appeal are uniformly holding that § 633a does not expressly provide for an award of attorney's fees against the federal government and therefore, no such award may be made.") (citation omitted)); *see also Harger v. Dep't of Lab.*, 569 F.3d 898, 903 (9th Cir. 2009) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text . . . and will not be implied.") (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 5

B.      Amount of Reasonable Fees

Plaintiff requests $347,455 in fees for 800.8 hours of work expended through the Court's April 20, 2023, judgment.  Dkt. # 106 at 5.  Plaintiff also seeks $24,235 in fees for 49.1 hours spent preparing the instant motion for fees.  *Id.*  The Court considers these two requests in turn.

Section 2412(b) of the EAJA authorizes "reasonable" fee awards.  28 U.S.C. § 2412(b). District courts may determine the reasonableness of the hours claimed by the prevailing party and the fee award amount.  *Gates v. Deukmejian*, 987 F.2dd 1392, 1398 (9th Cir. 1992) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).  "Once a party establishes eligibility for a fee award under the EAJA, the district court must determine an appropriate amount for the award by applying the standards set forth in *Hensley*."  *United States v. Basler Turbo-67*, 34 F. App'x 346, 348 (9th Cir. 2002); *see I.N.S. v. Jean*, 496 U.S. 154, 161 (1990) (employing the *Hensley* standards to determine the reasonableness of an EAJA fee award).

Under *Hensley*, courts must calculate the "lodestar figure" by taking "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  461 U.S. at 433.  Although the lodestar is presumptively reasonable, "the district court may . . . adjust the lodestar to account for other factors which are not subsumed within it."  *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001); *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[4]  "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."  *Welch v. Metro. Life Inc. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007).

---

[4] But district courts need not use the 12 factors set forth in *Kerr* to adjust attorney fee awards. *See Kerr*, 526 F.2d at 70; *see also See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002) (courts need not consider the *Kerr* factors unless necessary to support the reasonableness of a fee award).

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 6

1.      Lodestar calculation for fees through judgment

In evaluating the reasonableness of an hourly rate, courts consider "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). District courts are justified in relying on their own knowledge and familiarity with the legal market in setting a reasonable hourly rate. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Further, declarations from "other attorneys regarding prevailing fees in the community, and rate determinations in other cases, . . . are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff seeks to recover fees for the work of three attorneys with varying levels of experience and one paralegal. Dkt. # 106 at 5; *see* Dkt. # 107-1 (PDF describing work performed by Plaintiff's attorneys and paralegal). The hourly rates for the three attorneys increased during this litigation. *Id.* Plaintiff claims the following hourly rates for each attorney: Jesse Wing ($500, increased to $600); Nathaniel Flack ($300, increased to $350); Rebecca Singleton ($300, increased to $325). *Id.* Plaintiff also seeks fees for work by one paralegal, Cristy Caldwell, at $200 per hour. *Id.* Defendant does not challenge these rates. *See* Dkt. # 110.

Given the lack of objection, and based on the Court's familiarity with the rates charged by Seattle-based employment law attorneys and paralegals in comparable cases and the attorney declarations Plaintiff submitted, the Court finds that these rates are reasonable. *See, e.g., Thomas v. Cannon*, No. 3:15-05346 BJR, 2018 WL 1517662, at *3 (W.D. Wash. Mar. 28, 2018) (approving of Jesse Wing's hourly rate of $500 and finding that "$600 per hour is a reasonable rate for a senior civil rights attorney in the Seattle market"); *Stewart v. Snohomish Cnty. Pub. Util. Dist. No. 1*, No. C16-0020-JCC, 2017 WL 4538956, at *1 (W.D. Wash. Oct. 11, 2017) (approving of hourly paralegal rates between $145 and $240); Dkt. ## 108–09 (two declarations

from Seattle-based employment law attorneys finding rates charged by Plaintiff's counsel and one paralegal reasonable based on the rates the attorneys themselves charge and their familiarity with the Seattle legal market).

Turning to the number of hours reasonably expended on this litigation, Plaintiff says that his counsel and one paralegal spent 800.8 hours through judgment. Dkt. # 106 at 5. Defendant contends that Plaintiff cannot recover the vast majority of the sought attorney fees. *See* Dkt. # 110. Defendant asserts that Plaintiff's counsel "should not be compensated for fees related to the claims that were dismissed at summary judgment and for any work related to [Plaintiff's] claim for front pay." *Id.* at 8. Defendant says an initial 40% reduction is proper. *Id.* at 9. Then, as for Plaintiff's success at trial, Defendant claims another 90% reduction is warranted to account for Plaintiff's "modest recovery." *Id.* at 11.

The Court agrees that significant reductions are required. In making such reductions, courts have two options. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). First, courts may conduct an "hour-by-hour analysis," excluding any unreasonable hours. *Gates*, 987 F.2d at 1399. Second, "when faced with a massive fee application[,] the district court has the authority to make across-the-board percentage cuts . . . in the final lodestar figure as a practical means of trimming the fat from a fee application." *Id.* (internal citation omitted). It makes no difference whether the percentage cut is to the hours claimed or to the lodestar figure. *Gonzalez*, 729 F.3d at 1203.

In this case, an hour-by-hour analysis is not feasible. Plaintiff's fee request includes work done by three attorneys and one paralegal, with fluctuating hourly rates, spanning nearly four years. *See* Dkt. # 107-1. The Court thus adjusts the lodestar figure using an across-the-board percentage cut. *See infra* § II.B.2.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 8

Plaintiff seeks $347,455 in fees for a total of 800.8 hours of work performed by his three attorneys and one paralegal through judgment. Dkt. # 106 at 5. In calculating the lodestar figure, *see Hensley*, 461 U.S. at 433, the Court has independently multiplied the hours expended through judgment by the reasonable hourly rates charged by Plaintiff's counsel and one paralegal, *see* Dkt. # 107-1. The lodestar figure is indeed $347,455.

2.  Adjustments to the lodestar

"Under *Hensley*, the reasonableness of a fee award is determined by answering two questions: 'First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?'" *McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

i.  "Unrelated claims"

First, a plaintiff cannot recover attorney fees for work performed on unsuccessful claims unrelated to successful claims. *Id.* "Such unrelated claims must be treated as if they had been raised in a separate lawsuit to realize 'congressional intent to limit awards to prevailing parties.'" *Id.* (quoting *Hensley*, 461 U.S. at 435). But for related claims, which "involve a common core of facts or are based on related legal theories," courts should not analyze the attorney fees request on a claim-by-claim basis. *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003).

Contrary to Defendant's suggestion, Plaintiff brought only one claim, not separate claims for each Apprentice Program position.[5] *See* Dkt. # 1, ¶6.1 (alleging one claim that Defendant violated the ADEA by failing to select Plaintiff as an apprentice in 2019 because of his age).

---

[5] Defendant also construes Plaintiff's request for an injunction as a cause of action. *See* Dkt. # 110 at 1. But his request for an injunctive was not an independent claim; it was requested relief. Dkt. # 1, ¶8.6 (listing "injunctive relief" in the "Request for Relief" section of the complaint).

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 9

And even if each Apprentice Program position constituted separate claims—with 10 claims being dismissed at summary judgment, two claims surviving summary judgment, and one claim succeeding at trial—all these purported claims are related because they are based on the same legal theory for violating the ADEA. *See Webb*, 330 F.3d at 1168.

Because Plaintiff prevailed on his singular claim, the Court will not adjust the lodestar figure based on claim relatedness.

        ii.        Limited success

Second, the Court must account for Plaintiff's limited success at trial. Under *Hensley*, "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained." 461 U.S. at 436. "Where a plaintiff has obtained excellent results, [their] attorney should recover a fully compensatory fee." *Id.* at 435. But if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. The district court "necessarily has discretion in making this equitable judgment" to "simply reduce the award to account for the limited success." *Id.* at 436–37. In doing so, courts "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

In evaluating a plaintiff's level of success, district courts should "'give primary consideration to the amount of damages awarded as compared to the amount sought.'" *McCown*, 565 F.3d at 1104 (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)). Although strict proportionality between damages awarded and damages sought is disfavored, a comparison between the two is required. *Id.* A district court abuses its discretion in "award[ing] attorneys' fees without considering the relationship between the 'extent of success' and the amount of the fee award." *McGinnis v. K.F.C.*, 51 F.3d 805, 810 (9th Cir. 1994) (quoting *Farrar*, 506 U.S. at

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 10

116). For example, in *McGinnis*, after prevailing against their employer in a disability discrimination action, the district court awarded the plaintiff $234,000 in punitive damages and $148,000 in attorney fees. *Id.* After later ruling that the plaintiff could not recover punitive damages, the district court reduced the plaintiff's damages award to $34,000; the district court did not reduce the attorney fees award. *Id.* The Ninth Circuit vacated the district court's decision, reasoning that "the district court abused its discretion by expressly refusing to relate the extent of success to the amount of the fee award." *Id.*

District courts may also consider the public benefit of a suit when determining the degree of the plaintiff's success. *McCown*, 565 F.3d at 1105; *see Cummings v. Connell*, 402 F.3d 936, 947 (9th Cir. 2005) (courts may evaluate whether the plaintiff's success "also accomplished some public goal other than occupying the time and energy of counsel, court, and client") (quoting *Farrar*, 506 U.S. at 122 (O'Connor, J., concurring)). To determine the public benefit, "the district court should consider whether the plaintiff has affected a change in policy or a deterrent to widespread civil rights violations." *McCown*, 565 F.3d at 1105.

Plaintiff's level of success was not excellent. First, the amount of damages awarded was low compared to amounts present by Plaintiff's expert at trial. As noted above, for prevailing on the ADEA claim for failure to hire Plaintiff as a sheet metal mechanic apprentice, the Court awarded Plaintiff $3,868 in back pay damages; it did not award any front pay. Dkt. # 104 at 13–25, 30. To calculate damages, Plaintiff relied on the expert opinion of Dr. Paul Torelli, who estimated that Plaintiff would have worked hundreds of hours of overtime each year until his retirement, justifying substantial front pay damages. Dkt. # 104 at 12. In a first expert report, Torelli estimated total damages of $537,719 for Defendant's failure to hire Plaintiff for Shop 17's sheet metal mechanic apprenticeship. Dkt. # 111-1 at 3. In a second expert report, Torelli

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 11

estimated total damages of $252,439 for the same sheet metal mechanic apprenticeship.[6] *Id.* at 5.

But after Torelli testified, Plaintiff's counsel no longer relied on his opinions. *See id.* The Court also did not credit Torelli's trial testimony on damages.[7] During closing arguments and in post-trial briefs, Plaintiff did not mention Torelli and instead relied on the analysis and calculations produced by Defendant's expert witness. *Id.* at 12, n.6. In his post-trial briefs, Plaintiff included three suggested calculations for back pay damages; Plaintiff no longer requested front pay. Dkt. # 100 at 29; Dkt. # 101 at 21–24. For the Shop 17 sheet metal mechanic apprentice, Plaintiff sought between $5,701.18 and $11,602.19 in back pay. Dkt. # 100 at 29. In short, Plaintiff abandoned his damages theory during trial.

In comparing fees sought with fees awarded, the Court finds that Plaintiff sought $252,439 for Defendant's failure to hire Plaintiff for Shop 17's sheet metal mechanic apprenticeship, the same value Dr. Torelli included in his second expert report. Though Plaintiff revised his damages theory, those changes occurred during trial. Ultimately, the Court awarded Plaintiff 1.5% of the total damages he once sought for the sheet metal mechanic position (3,868 ÷ 252,439 = 0.015).

---

[6] Defendant understood $252,439 "to be Plaintiff's damages request for Shop 17 at trial." Dkt. # 111 at 2.

[7] The Court stated:
> On overtime, Dr. Torelli estimated that Plaintiff would have worked 667 hours of overtime between August 1, 2019, and December 5, 2020. Dr. Torelli based this figure on a conversation he had with Plaintiff, during which Plaintiff stated that he assumed he would work 500 overtime hours and 100 shift differential hours each year. Plaintiff testified he provided this "guesstimate" to Dr. Torelli. The Court finds that Dr. Torelli's forecasting on overtime and shift differential hours is not the product of a reliable methodology. Rather than estimating based on data provided by the Navy specific to Shop 17 sheet metal mechanic apprentices, or even all apprentices at the Shipyard, Dr. Torelli's calculations derive from a conversation with Plaintiff. Finding Dr. Torelli not a reliable expert on this issue, the Court credits West's findings for overtime and shift differential hour calculations.

Dkt. # 104 at 12.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 12

Second, there was no public benefit. The Court denied Plaintiff's request for a permanent injunction. *See* Dkt. # 104 at 33–39. There is no sign that this case led to a change in policy. *See McCown*, 565 F.3d at 1105. Nor can the Court reasonably hold that this case's outcome will deter "widespread civil rights violations." *See id.* The Court did not conclude that there were "widespread" ADEA violations at the Shipyard. The Court ruled that the three Shop 17 interviewers engaged in age discrimination in not selecting Plaintiff for a sheet metal mechanic apprenticeship; it did not rule that age discrimination contaminated Defendant's entire Apprentice Program such that injunctive relief was necessary. *See* Dkt. # 104.

Because of Plaintiff's limited success and no public benefit served by Plaintiff's judgment, a 75% reduction in attorney fees is appropriate. Such a reduction finds support in comparable cases in which plaintiffs have achieved limited success. *See, e.g.*, *Black Lives Matter Seattle-King Cnty. v. City of Seattle, Seattle Police Dep't*, 516 F. Supp. 3d 1202, 1215–16 (W.D. Wash. 2021) (reducing fees by 65% because of the plaintiff's partial success, despite acknowledging that the case was complex and it benefitted the public); *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1063 (9th Cir. 2010) (affirming a nearly 80% reduction in attorney fees, from $686,796.74 requested to $136,687.35 awarded, "in light of [the plaintiff's] limited success"); *Greater Los Angeles Council on Deafness v. Cmty. Television of S. California*, 813 F.2d 217, 222–23 (9th Cir. 1987) (affirming a 60% reduction of a $337,092.50 fee award in which the plaintiff's "success was significant, but very limited"); *Van Sant v. U.S. Postal Servs.*, 805 F.2d 141, 142 (4th Cir. 1986) (reducing fees under the EAJA by more than 95% when the plaintiff's "recovery was limited to approximately $5,600," and "[h]e had sought recovery of $400,000–$500,000").

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 13

For these reasons, the Court reduces the lodestar figure by 75%. *See Gates*, 987 F.2d at 1399. The Court thus awards Plaintiff $86,863.75 ($347,455 × 0.25) in attorney fees for work performed through judgment.[8]

3.   Motion for fees

Plaintiff seeks $24,235 in connection with the motion for fees. *See* Dkt. # 106 at 5.

In *Jean*, the Supreme Court, in explaining how district courts evaluate fees, stated that "[b]ecause *Hensley* . . . requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." 496 U.S. 154, 163 n.10 (1990). Within the Ninth Circuit, "a district court does not abuse its discretion by applying the same percentage of merits fees ultimately recovered to determine the proper amount of the fees-on-fees award." *Schwarz*, 73 F.3d at 909. In following *Jean* and *Schwarz*, the Court awards fees only for time spent defending rates that it found compensable. Plaintiff prevailed on 25% of the fees requested in his motion for fees. *See supra* § II.B.2. Accordingly, applying this proportional method, the Court awards Plaintiff $6,058.75 ($24,235 × 0.25) in attorney fees for the motion for fees.

C.   Recoverability of Costs

Under section 2412(a) of the EAJA, "a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States." 28 U.S.C. § 2412(a)(1); *see* 28 U.S.C. § 1920 (listing taxable costs that courts may award). Plaintiff is

---

[8] The Court will not adjust this amount further based on the *Kerr* factors because those factors have been subsumed in the Court's above calculations. *See Cairns*, 292 F.3d at 1158.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 14

therefore entitled to recover the taxable costs, as set forth in 28 U.S.C. § 1920, incurred in this action.[9]  *See* supra § II.A (concluding that Plaintiff is the prevailing party).

Plaintiff requests $20,702.75 in costs.  Dkt. ## 106, 112.  This amount consists of (1) filing fees, (2) PACER service fees, (3) fees incurred obtaining trial transcripts, (4) printing and scanning fees, (5) medical record request fees, (6) costs for using deposition services, (7) costs for using electronically stored information software, (8) parking costs for attending trial, and (9) meals during trial.[10]  *See* Dkt. # 107-2.

Plaintiff may move to tax costs/bill of costs under the procedures set forth in Local Rule 54(d).  *See* LCR 54(d).  If he continues to seek costs, Plaintiff must move for them by Thursday August 31, 2023, and note the motion for Friday, September 22, 2023.  Under LCR 54(d)(1), all costs must be specified so the nature of the charge can be readily understood.  LCR 54(d)(1).  Plaintiff must provide a Bill of Costs form (AO-133) and invoices for all requested costs listed in any such motion.  *See* Dkt. ## 106, 107-2.  Plaintiff must also fully redact all provided documentation in accordance with Rule 5.2 and LCR 5.2.  Fed. R. Civ. P. 5.2; LCR 5.2.

---

[9] Under section 1920, district courts may tax as costs:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
28 U.S.C. § 1920.

[10] As Defendant notes, *see* Dkt. # 110 at 10; Dkt. # 111 at 5–6, some of Plaintiff's requested costs, such as parking costs and meals, appear to fall outside the scope of 28 U.S.C. § 1920's enumerated taxable costs that prevailing plaintiffs may recover under the EAJA.  *See* 28 U.S.C. § 2412(a)(1); *see also* 28 U.S.C. § 1920.  Plaintiff says that because he seeks costs under the ADEA, he should not be confined by 28 U.S.C. § 1920's limitations.  Dkt. # 112 at 7–8.  But for the reasons discussed above, Plaintiff cannot recover fees and costs under the ADEA.  Plaintiff may pursue fees and costs under the EAJA, which allows for an award of costs only "as enumerated in section 1920 of this title." 28 U.S.C. § 2412(a)(1); *see* 28 U.S.C. § 1920.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR FEES AND
COSTS - 15

# III

## CONCLUSION

Based on the above reasons, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Fees and Costs. Dkt. # 106. The Court hereby ORDERS as follows:

1. The Court GRANTS in part Plaintiff's request for attorney fees and AWARDS Plaintiff $92,922.50 in attorney fees ($86,863.75 for work performed through judgment and $6,058.75 for the fee motion).

2. Plaintiff is entitled to recover the taxable costs of this action. Plaintiff may move to tax costs/bill of costs under Local Rule 54(d).

Dated this 16th day of August, 2023.

*John H. Chun*

John H. Chun
United States District Judge